**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 21, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2022AP1943-CR
2022AP1944-CR**

Cir. Ct. Nos. 2014CF314
2016CF947

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JON M. GLIDDEN,

   DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Kenosha County:  MARY KAY WAGNER and WYNNE P. LAUFENBERG, Judges. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jon M. Glidden appeals from judgments convicting him of multiple felonies. He also appeals an order denying his postconviction motion for a new trial. Glidden raises two arguments: (1) the circuit court judge demonstrated bias during trial; and (2) he received ineffective assistance from his trial counsel. We affirm.

¶2 Glidden was charged with two counts of second-degree sexual assault of a child, two counts of incest with a child, and one count of repeated sexual assault of the same child. Two years later, he faced additional charges: four counts of solicitation to intimidate a witness (domestic abuse) and four counts of felony bail jumping, all related to his initial case. These cases were consolidated for a jury trial, where Glidden was convicted on all counts.[1] He subsequently sought postconviction relief, requesting a new trial. After a hearing, the circuit court denied his motion.[2]

¶3 Glidden's first argument is that the circuit court judge showed improper bias during the testimony of N.G.,[3] the child victim in the sexual assault cases. He claims that when N.G. became upset while testifying, the judge's act of

---

[1] The Hon. Mary Kay Wagner presided over the trial and entered the judgment of conviction.

[2] The Hon. Wynne P. Laufenberg presided over the postconviction proceedings and denied the postconviction motion.

[3] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we use initials when referring to the victim in this case. All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

providing N.G. with a tissue and a glass of water suggested to the jury that the judge was sympathetic towards N.G. and believed her testimony.

¶4     Due process requires that a defendant receive a fair trial before an unbiased judge. *State v. Herrmann*, 2015 WI 84, ¶25, 364 Wis. 2d 336, 867 N.W.2d 772.    When reviewing a claim of judicial bias, we begin with a presumption that the judge acted fairly and impartially. *State v. Goodson*, 2009 WI App 107, ¶8, 320 Wis. 2d 166, 771 N.W.2d 385.    This presumption can be rebutted if the party claiming bias proves it by a preponderance of the evidence. *Herrmann*, 364 Wis. 2d 336, ¶24.    Objective bias is present if a reasonable person, considering the judge's actions under all the circumstances, could question the judge's impartiality. *Id.*, ¶26.

¶5     We reject Glidden's claim of judicial bias for two reasons.  First, Glidden forfeited this argument by failing to raise a contemporaneous objection during the trial.  As noted in *State v. Klapps*, 2021 WI App 5, ¶29, 395 Wis. 2d 743, 954 N.W.2d 38, "failure to object, even to a claimed structural constitutional violation, forfeits the challenge."  Contemporaneous objections allow the circuit court to address alleged errors immediately during the trial.

¶6     Second, even if Glidden had not forfeited his argument, he has not rebutted the presumption that the judge acted impartially.  Angel Kegg, an alternate juror, testified that the judge's actions seemed like something any normal person would do in that situation.  Kegg observed that the judge's actions appeared to calm a visibly upset witness rather than endorse N.G's credibility or showing bias.  Furthermore, the judge provided an affidavit stating that she did not hug or console the witness during her testimony and that she always takes great care to avoid any appearance of bias.

3

¶7     We agree with the postconviction court that the judge's actions were minimal and aimed at maintaining courtroom order. They did not indicate bias in favor of N.G. Additionally, the judge's actions occurred in a single moment during a lengthy trial and were insufficient to suggest bias to a reasonable observer.

¶8     Glidden next argues that he received ineffective assistance of trial counsel because his attorney did not call Kristine Rowley as a defense witness. He contends that Rowley's testimony would have impeached N.G.'s testimony by showing that N.G.'s mother and other family members attempted to extort money from Glidden by threatening to cause him trouble if he did not meet their unreasonable demands. Glidden asserts that Rowley's testimony would have provided a plausible motive for N.G. to fabricate the sexual abuse allegations.

¶9     A defendant claiming ineffective assistance of counsel must demonstrate both that his lawyer's representation was deficient and that the deficient performance was prejudicial to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must show specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance." *Id.* at 690. Trial counsel's decisions regarding strategy are afforded a strong presumption of reasonableness. *State v. Breitzman*, 2017 WI 100, ¶75, 378 Wis. 2d 431, 904 N.W.2d 93. A reviewing court "will not second-guess a reasonable trial strategy [unless] it was based on an irrational trial tactic or based upon caprice rather than judgment." *Id.*

¶10    During the postconviction motion hearing, defense counsel explained that he had to make tactical and strategic decisions about witnesses, always prioritizing Glidden's best interests. He initially considered calling

4

Rowley as a defense witness because she was in a personal relationship with Glidden during the period when the witness intimidation and bail-jumping charges occurred, and he believed that she might support the defense strategy. However, he decided against calling Rowley before trial, believing that her testimony would not serve Glidden's best interests. This view was reinforced as the trial progressed, considering the prosecution's approach and the jury's reactions. Additionally, Rowley's romantic relationship with Glidden would have been a distraction from Glidden's defense theory.

¶11 The postconviction court found that trial counsel's decision not to call Rowley was a reasonable strategic choice based on the law and the facts of this case. Rowley had credibility issues, including her romantic involvement with Glidden and her own felony charges related to unlawfully harboring him, making her a potentially unreliable witness. The court emphasized that counsel's decision was based on a thorough assessment of the trial's progress and the jury's responses. By not presenting Rowley, counsel aimed to avoid risks and distractions from the primary defense against the sexual-assault allegations. Strategic trial decisions, when rational, do not constitute deficient performance. *See **Breitzman***, 378 Wis. 2d 431, ¶75. Ultimately, Glidden failed to demonstrate that counsel's performance was deficient. Therefore, we reject Glidden's claim of ineffective assistance of counsel.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).